IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY and CARGILL MEAT SOLUTIONS CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:11CV270 |
| v. | ) ) | |
| GREATER OMAHA PACKING COMPANY, INC., | ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court upon plaintiffs' motion to dismiss defendant's counterclaim (Filing No. 46) and defendant's motion for oral argument regarding motion to dismiss (Filing No. 54) and motion in limine and request for oral argument (Filing No. 55). After reviewing the motions, briefs, and relevant law, the Court will deny plaintiffs' motion to dismiss and deny defendant's motion for oral argument and motion in limine and request for oral argument.

**I. Background**

This lawsuit arises out of the sale of some raw beef trim by defendant to Cargill Meat Solutions Corporation ("Cargill"), which plaintiffs claim was contaminated with the bacterium known as "*E. coli* 0157:H7." On February 1, 2012, defendant filed an amended answer to plaintiffs' complaint that asserted a counterclaim against Cargill for tortious interference with business relationships and expectancies (Filing No. 40).

Defendant's counterclaim arises from a *New York Times* article that allegedly contained false information supplied by Cargill's representatives. *Id.* Defendant claims that one or more of its existing and potential business customers learned about the false information, leading them to terminate their business and/or refuse to do business with defendant. As result, defendant claims it suffered damages.

On March 7, 2012, plaintiffs filed a motion to dismiss defendant's counterclaim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Filing No. 46). Plaintiffs have made three arguments in support of their motion (Filing No. 47). First, plaintiffs claim that defendant's tortious interference claim is barred by Nebraska's one-year statute of limitations for a defamation claim. Second, plaintiffs allege that defendant failed to plead its tortious interference claim with particularity. Lastly, plaintiffs argue that the information Cargill's representatives gave to the *New York Times* is protected speech.

**II. Standard of Review**

The Federal Rules of Civil Procedure require a counterclaim to allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A counterclaim does not need "detailed factual allegations" in order to survive a motion to dismiss under Fed.

R. Civ. P. 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

**III. Discussion**

      Plaintiffs claim that this Court should dismiss defendant's tortious interference claim because it is based upon defamatory statements. In Nebraska, a claim of tortious interference with business relationships and expectancies and a claim of defamation are two separate and distinct torts, each with its own unique elements. Further, each of the two torts is subject to a different statute of limitations. Defamation claims are subject to a one-year statute of limitations, whereas tortious interference claims are subject to a four-year statute of limitations. As defendant's tortious interference claim is based upon allegedly defamatory statements from a *New York Times* article, plaintiffs argue defendant's claim actually sounds in defamation and should be dismissed because it is subject to a one-year statute of limitations.

      The question before the Court then is whether in Nebraska a tortious interference claim based upon defamatory statements can be considered a distinct claim from a claim of defamation. The Nebraska Supreme Court has recognized that truth may be an affirmative defense to a tortious interference claim and also that "privileged statements" barred a claim for tortious interference. *Reico v. Evers*, 278 Neb. 405, 421, 771 N.W.2d 121,

133 (2009); *Kocontes v. McQuaid*, 279 Neb. 335, 353-54, 78 N.W.2d 410, 424-25 (2010). Thus, the Court finds that in Nebraska a tortious interference claim may be based upon defamatory statements and considered a separate and distinct claim from a claim of defamation. The Court will deny plaintiffs' motion on this ground.

Plaintiffs further claim that this Court should dismiss defendant's tortious interference claim because it does not state a claim for relief, specifically because it fails to plead the allegedly defamatory statements with particularity, and it does not identify the specific business relationships and expectancies with which Cargill interfered. The Court has reviewed defendant's counterclaim and finds defendant has provided plaintiffs with sufficient facts to survive Fed. R. Civ. P. 12(b)(6)'s liberal standards. Thus, the Court will deny plaintiffs' motion on this ground.

Finally, plaintiffs claim defendant's counterclaim should be dismissed because it is based upon statements that Cargill made to the *New York Times*, which are protected by the absolute privilege defense. Even if this claim has merit, it requires that the Court consider detailed factual allegations, which defendant disputes, and which are not contained within defendant's counterclaim. Such factual analysis by the Court at this state of the litigation would be improper. Further,

plaintiffs claim defendant must show Cargill's representatives acted with actual malice as the *New York Times Article* addresses a matter of "national public concern."  As malice is not a required element of tortious interference, the Court will disregard this argument and will deny plaintiffs' motion on this ground.  Accordingly,

IT IS ORDERED:

1) Plaintiffs' motion to dismiss defendant's counterclaim (Filing No. 46) is denied.

2) Defendant's motion for oral argument regarding motion to dismiss (Filing No. 54) is denied as moot.

3)  Defendant's motion in limine and request for oral argument (Filing No. 55) are denied as moot.

DATED this 7th day of June, 2012.

                    BY THE COURT:

                    /s/ Lyle E. Strom
                    _____
                    LYLE E. STROM, Senior Judge
                    United States District Court