IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY and CARGILL MEAT SOLUTIONS CORPORATION, | ) ) ) ) | Case No. 8:11-CV-00270 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **STIPULATED PROTECTIVE ORDER** |
| GREATER OMAHA PACKING COMPANY, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

THIS MATTER came before the Court upon the stipulation for entry of this Protective Order as evidenced by the parties' signatures below. The Court, being duly advised of the premises herein, finds that in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material to be kept confidential, IT IS HEREBY ORDERED as follows:

1.  Documents or information have been and may be requested, produced, or used as an exhibit in this matter, which contain valuable trade secrets, confidential materials, and other proprietary information (hereafter, "Confidential Information").

2.  To protect such Confidential Information, the parties may designate as "Confidential" any document(s) produced, or information provided, in response to a discovery request. The designation shall be completed in one of the following manners:

    a.  By imprinting the word "Confidential" on the front of the document or on the label or cover for any compact disc or flash drive containing Confidential Information;

    b.  By imprinting the word "Confidential" next to or above any answer to any written discovery response;

    c.  With respect to deposition transcripts and videos, by making arrangements with the attending court reporter to label such transcripts and videos as "Confidential."

3.      All documents and information designated as "Confidential" shall be used only for the purpose of this litigation and not for any other purposes whatsoever. In addition, such documents and information shall be furnished and handled solely in accordance with this Protective Order or subsequent order of the Court.

4.      All documents and information designated as "Confidential" (including, but not limited to, any information or testimony discussing, derived from, or referring to such documents or information), shall not be communicated, disclosed, or produced in any manner, either directly or indirectly, to anyone other than:

      a.  The attorneys of record in this case and their office employees;

      b.  The parties in this case, including their officers and employees, who have a need to know for purposes of this litigation;

      c.  Outside consulting and retained experts who have, prior to the disclosure of any documents or information marked as "Confidential," agreed to be bound by the terms of this Protective Order by executing the Nondisclosure Agreement attached hereto as Exhibit "A";

      d.  Any fact witness who has, prior to the disclosure of such documents or information marked as "Confidential," agreed to be bound by the terms of this Protective Order by executing the Nondisclosure Agreement attached hereto as Exhibit "A";

      e.  This Court, its personnel, and any court reporters;

      f.  Professional vendors to whom disclosure is reasonably necessary;

      g.  The author or original source of the documents or information;

      h.  Any person or entity who the party producing the documents and information has specifically agreed in writing may review such documents and information; and

      i.  Any person or entity who the Court has specifically approved after a notice and hearing.

5.      Any person or entity who is authorized under the terms of this Protective Order to review any information or documents designated as "Confidential" (including, but not limited to, any information or testimony discussing, derived from, or referring to such documents or information) is hereby enjoined and prohibited from disclosing the

same to any other person or entity who is not authorized under this Protective Order to review such documents and information.

6.     To ensure compliance with the terms of Paragraphs 4(c) and (d) of this Order, any party who retains or consults with an outside expert shall keep a copy of the Nondisclosure Agreement executed by the expert.

7.     Any person who is authorized to review any documents or information designated as "Confidential" shall hold such information in the strictest confidence and not divulge the information, either verbally or in writing, to any other person or entity unless so authorized by the designating party or by an Order of this Court.

8.     There shall be no reproduction whatsoever of any documents or information designated as "Confidential," except that, as required in the course of this litigation, copies, excerpts, or summaries may be shown or given to those persons who are authorized by this Protective Order to review such documents or information.

9.     Nothing in this Protective Order shall prevent a party from using or presenting at trial any documents or information designated as "Confidential."

10.    Before trial, the parties' counsel shall agree upon the appropriate means to protect any documents or information designated as "Confidential," which any party desires to present or use at trial. If the parties' counsel cannot all reach an agreement, then they shall apply to the Court for a resolution of the issue.

11.    Any information or documents that are designated as "Confidential" (including, but not limited to, any information or testimony discussing, derived from, or referring to such documents or information) and either (a) offered or received as an exhibit or (b) disclosed in any other way (*e.g.*, through argument or testimony) during the trial of this lawsuit shall remain subject to the terms of this Protective Order, notwithstanding the use or disclosure of such materials during trial.

12.    Any documents or information designated as "Confidential" that a party files with the Court shall, until further order of the Court, be filed and maintained under seal in accordance with FED. R. CIV. P. 5.2 and NECIVR 7.5. The filing party shall include a notice to the Court and other parties that the document filed contains Confidential Information subject to the provisions of this Order.

13.     A party's receipt of any documents or information designated as "Confidential" shall not constitute an admission or concession that such documents or information is confidential and/or proprietary. If a party objects to the confidentiality or proprietary of any documents or information designated as "Confidential," then that party may motion the Court to rule on whether the documents or information are, in fact, confidential and subject to the terms of this Protective Order. All documents and information that are objected to as being "Confidential" shall remain confidential during the pendency of any motion to determine whether the documents are confidential.

14.     The parties acknowledge that documents and information were exchanged between Plaintiff, Cargill Meat Solutions Corporation ("Cargill"), and Defendant, Greater Omaha Packing Company, Inc. ("GOPAC"), pursuant to a Protective Order that the District Court for Douglas County, Nebraska entered on January 15, 2009 in the lawsuit of *Louis J. Smith et al. v. James Harrison et al*. (Doc. 4-175 No. 216). All documents and information exchanged between Cargill and GOPAC pursuant to the Douglas County Protective Order shall be considered to have been designated as "Confidential" (regardless of whether such documents and information were so designated) and subject to the terms of the Protective Order now being entered in the present lawsuit.

15.     Any party who possesses documents or information that another party has designated as "Confidential," and who receives a subpoena (or other compulsory process) from any person or entity who is not a party to this Order, which subpoena seeks production or other disclosure of such documents and information, shall within three (3) days of receiving the subpoena or other process, (a) give written notice to the attorney for the party who produced or designated such documents and information as "Confidential"; (b) identify the materials sought; and (c) produce a copy of the subpoena or other compulsory process to the party's attorney. The party who produced the documents and information designated as "Confidential" may then move against the subpoena or other process, or otherwise oppose entry of any order by a court of competent jurisdiction compelling production of the documents and information designated as "Confidential." If the party who produced the documents and information designated as "Confidential" objects to or moves against the subpoena or other

4

process, then the party receiving the subpoena or other process shall not produce such documents and information until further Order of this Court or an agreement from the party who designed the documents and information as "Confidential" that the materials may be disclosed.

16.     Within 60 days after the final termination of this lawsuit (including any appeals therefrom), all documents or information designated as "Confidential," including any copies, excerpts, or summaries of such materials, shall be destroyed or returned to the party who produced the documents or information; provided, however, that:

     a.  The parties shall not be required to return any exhibits, which the Court received into evidence in this matter;

     b.  In no event shall counsel be obligated to turn over to opposing counsel any items that constitute attorney work product (as defined by applicable law); and

     c.  The parties' counsel shall be entitled to retain one copy of any documents or information designated as "Confidential" as part of its permanent litigation file and such information shall remain subject to the terms of this Protective Order.

17.     Nothing in this Protective Order shall be deemed a waiver of any objection or privilege that any party may claim (a) to the production of any documents, information, or physical evidence in this case or (b) to seek an order from the Court restricting the disclosure of any documents or information designated as "Confidential."

18.     The inadvertent failure to designate or stamp a document or information (or any portion thereof) as "Confidential" shall in no way alter or waive the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the party who produces such documents and information gives notice in writing to all other parties within thirty (30) days after becoming aware that the documents and information were not properly designated as "Confidential." The written notice shall identify with specificity the documents or information sought to be designated as "Confidential." In addition, the producing party shall promptly provide a replacement copy of such documents and information with a "Confidential" designation thereupon. The treatment of inadvertently

produced confidential material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order.

19.     Nothing in this Protective Order shall be construed as prejudicing the right of any party who produces documents and information designated as "Confidential" to seek an Order or an agreement or Order providing additional confidentiality or other protections to any such documents and information. This Protective Order, however, shall constitute the entire agreement of the parties with respect to the matters covered herein until such an agreement or Order is obtained (if at all).

DATED this 30th day of ___August___, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
Presiding Judge

Prepared and submitted by:

By: /s/ Michael F. Coyle
    Michael F. Coyle, #18299
    David J. Stubstad, #21429
    Jordan W. Adam, #23723
    FRASER STRYKER PC LLO
    500 Energy Plaza
    409 South 17 Street
    Omaha, NE  68102-2663
    (402) 341-6000
    mcoyle@fraserstryker.com
    jadam@fraserstryker.com
    ATTORNEYS FOR DEFENDANT /
    COUNTERCLAIM PLAINTIFF

Approved as to Form and Content by:

By: /s/ Thomas A. Grennan
    Thomas A. Grennan, #15675
    GROSS & WELCH, P.C., L.L.O.
    1500 Omaha Tower
    2120 South 72nd Street
    Omaha, NE 68124
    (402) 392-1500
    tgrennan@grosswelch.com
    ATTORNEY FOR AMERICAN HOME
    ASSURANCE COMPANY


By: /s/ Kim J. Walker
    Kim J. Walker, #23786
    FAEGRE BAKER DANIELS LLP
    801 Grand Avenue
    Suite 3100
    Des Moines, IA 50309-8002
    (515) 248-9000
    kim.walker@FaegreBD.com

6

Kiri N. Somermeyer
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
kiri.somermeyer@FaegreBD.com
ATTORNEYS FOR CARGILL MEAT
SOLUTIONS CORPORATION

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Stipulated Protective Order was filed electronically on August 30, 2012 with the United States District Court for the District of Nebraska using the CM/ECF system, which sent notification of such filing to the following individuals:

Thomas A. Grennan
Gross & Welch, P.C., L.L.O.
1500 Omaha Tower
2120 South 72nd Street
Omaha, NE 68124
tgrennan@grosswelch.com

Kim J. Walker
Faegre Baker Daniels LLP
801 Grand Avenue, Ste. 3100
Des Moines, IA 50309-8002
kim.walker@FaegreBD.com

Kiri N. Somermeyer
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
kiri.somermeyer@FaegreBD.com

By:  /s/ Michael F. Coyle

18595-51005/655004

7

## EXHIBIT "A"

## <u>NONDISCLOSURE AGREEMENT</u>

I, _____, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      I have received a copy of the Stipulated Protective Order (hereafter, "Protective Order") that has been entered in the lawsuit of *American Home Assurance Company et al. v. Greater Omaha Packing Company, Inc.* (Case No. 8:11-CV-00270), which is currently pending in the United States District Court for the District of Nebraska (hereafter, "Lawsuit").

4.      I have read and understand the terms of the Protective Order.

5.      I hereby agree to comply with all of the terms in the Protective Order.

6.      I agree to not disclose the contents of any documents or information designated as "Confidential" (including, but not limited to, any information or testimony discussing, derived from, or referring to such documents or information) to any other person or entity who is not authorized under this Protective Order to review such documents and information.

7.      I agree that I will use any documents or information designated as "Confidential" information (including, but not limited to, any information or testimony discussing, derived from, or referring to such documents or information) solely for the purposes of the Lawsuit.

8.      Upon the termination of this action, or upon request, I will return all documents and information designated as "Confidential" to the person who provided me with such documents and/or information.

9.      I hereby submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing the Protective Order in the Lawsuit.

DATED this _____ day of _____, 201___.

_____
Signature

8