IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
AMERICAN HOME ASSURANCE      )
COMPANY and CARGILL MEAT     )
SOLUTIONS CORPORATION,       )
                             )
          Plaintiffs,        )           8:11CV270
                             )
     v.                      )
                             )
GREATER OMAHA PACKING COMPANY,)          ORDER
INC.                         )
                             )
          Defendant.         )
_____)
```

This matter is before the Court on defendant Great Omaha Packing Company, Inc.'s ("GOPAC") motion for enlargement of time to add parties and claims (Filing No. 88), and plaintiff Cargill's response (Filing No. 94) and the index of evidence in support of its response (Filing No. 95). The Court finds the motion should be granted in part.

In addition, GOPAC seeks a subpoena for non-party Gass Weber Mullin, Inc. -- a law firm that represented Cargill. In accord with Rule 45.1 of the Nebraska Civil Rules, Cargill served a written objection to the subpoena. The motion under consideration is GOPAC's request for a ruling on the objection and for a hearing (Filing No. 85). The Court finds the motion should be granted without a hearing.

Cargill recognizes the case law indicating that it does not have standing to object to a non-party subpoena on the basis of undue burden, cost, or inconvenience. *See Peter Kiewit Sons',*

*Inc. v. Wall Street Equity Group, Inc.*, No. 8:10CV365, 2011 WL 5075720, at *8 (D. Neb. Oct. 25, 2011); *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, No. 8:06CV458, 2009 WL 1562851, at *3 (D. Neb. June 1, 2009).  However, Cargill does have an independent interest in the files held by its attorney related to work carried out on the company's behalf.  Such an interest constitutes a basis for standing to object on the grounds of privilege, relevance, or to the extent it places a significant burden on the party.  *Id.*; *Mawhiney v. Warren Distribution, Inc.*, 2007 WL 433349 at *1, No. 8:05CV466 (D. Neb., Feb. 7, 2007), *aff'd*, 283 Fed. Appx. 424, No. 07-2753 (8th Cir., July 10, 2008).

Cargill argues that the requests on Gass Weber are "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient" and must be limited under Federal Rule of Procedure 26(b)(2)(C)(i).  These are precisely the kind of burden-weighing objections that an opposing party is prohibited from making on behalf of a non-party.  Cargill does not make any objections deriving from its personal stake in the requested materials and has withdrawn its privilege objections upon the assurances of the defendant that GOPAC is not seeking privileged information at this time.  Accordingly,

IT IS ORDERED:

1) The motion for enlargement of time is granted to the extent that defendant shall have until February 25, 2013, to add parties or claims.

2) All other deadlines in the progression order (Filing No. 75) remain in full force and effect.

3) Plaintiff's objection to the non-party subpoena on Gas Weber Mulling, Inc. is overruled.  Defendant's motion for leave to file a non-party subpoena is granted.

4) Defendant's motion for a hearing is denied as moot.

DATED this 17th day of January, 2013.

                            BY THE COURT:

                            /s/ Lyle E. Strom
                            _____
                            LYLE E. STROM, Senior Judge
                            United States District Court