```
        IN THE UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEBRASKA

AMERICAN HOME ASSURANCE        )
COMPANY and CARGILL MEAT       )
SOLUTIONS CORPORATION,         )
                               )
          Plaintiffs,          )          8:11CV270
                               )
     v.                        )
                               )
GREATER OMAHA PACKING COMPANY, )          MEMORANDUM AND ORDER
INC.,                          )
                               )
          Defendant.           )
_____)
```

This matter is before the Court on defendant Greater Omaha Packing Company, Inc.'s ("GOPAC") motion for leave to file a third-party complaint (Filing No. 100). The Court finds the motion should be denied.

I. Background

On October 6, 2007, plaintiff Cargill Meat Solutions ("Cargill") recalled a batch of ground beef after the presence of *E. coli* was detected in the product. Some consumers had already suffered injuries from ingesting the contaminated ground beef and brought their claims for damages to Cargill. The company agreed to settlements with at least some of these consumers. Cargill then traced the contamination back to a batch of ground beef that was made by combining meat product from four suppliers including GOPAC. In the present case, Cargill claims that the presence of *E. coli* in the beef supplied by GOPAC constitutes a breach of

contract and includes the settlement amounts in its claims for damages.

Notably, plaintiffs filed suit against GOPAC solely on contract theories and did not file suit against the other suppliers. In their complaint, plaintiffs aver that they can trace the contamination to GOPAC specifically. Defendant now seeks to add the additional suppliers as third-party defendants on the theory that they will be liable to GOPAC for contribution or indemnification if GOPAC is found liable or is otherwise made to pay damages based on plaintiffs' settlement with the injured consumers.

II. Legal Standard

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14. The criteria for granting a motion to amend under Rule 15 are useful in assessing a motion to add a third-party defendant. *See Payne v. Beef Products, Inc.*, 8:10CV33, 2010 WL 3909460 (D. Neb. Sept. 30, 2010). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quoting *United States ex rel.*

*Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552,557 (8th Cir. 2006)) (internal quotations omitted) (discussing standard for motion to amend under Rule 15).

III. Discussion

To have a non-futile third-party complaint, defendants must have a cognizable claim against the third-parties. Defendants have failed to identify such a claim. GOPAC has vaguely alleged that the other meat product suppliers may be liable for contribution or indemnity, but GOPAC has not alleged any facts that would support such a claim in this case.

Under Nebraska law contribution requires "common liability among the party seeking contribution and the parties from whom contribution is sought." *Estate of Powell ex rel. Powell v. Montange*, 277 Neb. 846, 855-56, 765 N.W.2d 496, 504 (2009). Under principles of joint and several liability or surety, a common liability for a tort judgment or debt might produce a situation in which a party, "in pursuance of his mere *legal* liability, pa[ys] or [is] compelled to pay the whole amount, or [an] amount greater than its proportionate share." *Exchange Elevator Co. v. Marshall*, 147 Neb. 48, 59, 22 N.W.2d 403, 410 (1946) (quoting 2 JOHN NORTON POMEROY, A TREATISE ON EQUITY JURISPRUDENCE § 411 (5th ed. 1941).

GOPAC has failed to identify any "legal liability" stemming from Cargill's breach of contract claim that would

compel the defendant to pay any amount attributable to the other suppliers.  If Cargill fails to prove that GOPAC breached the contract by supplying contaminated meat product, GOPAC will face no liability for Cargill's settlements to the injured consumers, and GOPAC has not identified any applicable legal principle that would compel it to pay for the breach of contract or negligence of a different supplier.  If GOPAC is found to have breached the contract, GOPAC will be responsible only for those damages proximately caused by the breach.  *Delgado v. Inryco, Inc.*, 230 Neb. 662, 666-67, 433 N.W.2d 179, 183 (Neb. 1988) ("In order for a plaintiff to recover on a breach of express warranty, he must show, among other things, that 'the goods did not comply with the warranty, that is, that they were defective, and that his injury was caused by the defective nature of the goods.'" (quoting *Durrett v. Baxter Chrysler-Plymouth, Inc.*, 198 Neb. 392, 395-96, 253 N.W.2d 37, 39 (1977))).

      Again, GOPAC has not identified any theory of causation that would allow Cargill to collect damages that are attributable to another supplier.  Cargill has filed a contract claim against a single supplier.  It has chosen to confine its legal theories to those found in the law of contracts.  Therefore, it is incongruous to add third-party defendants that were not a party to the contract and can face no liability for its breach.  Accordingly,

IT IS ORDERED that defendant's motion for leave to file a third-party complaint against the other suppliers of meat product is denied.

DATED this 11th day of April, 2013.

BY THE COURT:

/s/ Lyle E. Strom

———————————————
LYLE E. STROM, Senior Judge
United States District Court