IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

AMERICAN HOME ASSURANCE      )
COMPANY and CARGILL MEAT     )
SOLUTIONS CORPORATION,       )
                             )
          Plaintiffs,        )          8:11CV270
                             )
     v.                      )
                             )
GREATER OMAHA PACKING COMPANY,)    MEMORANDUM AND ORDER
INC.,                        )
                             )
          Defendant.         )
_____)

        This matter is before the Court on the motion of

Cargill for leave to issue a non-party subpoena (Filing No. 160).

On October 18, 2013, Cargill gave notice of its intent to file a

non-party subpoena on IEH Laboratories and Consulting Group (IEH)

& Lutz & Company ("Lutz").  GOPAC made timely objections under

Local Rule 45.1(b).  Unable to resolve the objections, the

parties now seek resolution by the Court.

        I. Standing

        A party does not have standing to object to a non-party

subpoena on the basis of undue burden, cost, or inconvenience.

*See Streck, Inc. v. Research & Diagnostic Sys., Inc.*, No.

8:06CV458, 2009 WL 1562851, at *3 (D. Neb., June 1, 2009).

Cargill cites to the Court's prior order in this case regarding

objections to a non-party subpoena for the proposition that "an

opposing party is prohibited from making objections not involving a personal right or privilege with respect to the subject matter requested in the subpoena." Cargill's Brief in Support, Filing No. 161 at 3. On that basis, Cargill argues that GOPAC lacks standing for relevance-based objections to Cargill's present non-party subpoena. *Id*.

However, the Court's prior order clearly recognized "standing to object on the grounds of privilege, *relevance*, or to the extent it places a significant burden on the party." Filing No. 96 at 2 (emphasis added) (citing *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, No. 8:06CV458, 2009 WL 1562851, at *3 (D. Neb., June 1, 2009) ("The adverse party has standing to object to a third-party subpoena on grounds of relevance or to protect a personal right or privilege in the information requested.")). Cargill recognizes in its brief that GOPAC's objections are based on relevance and privilege. Since these categories of objections are clearly not prohibited under precedent by this court or any other cited by Cargill, the argument that GOPAC lacks standing is not persuasive. Therefore, the Court will consider GOPAC's objections on the merits.

II. Relevance

Cargill seeks the disputed discovery to both support its breach of contract claim and to defend GOPAC's tortious

-2-

interference counterclaim.  The requested information generally relates to safety testing of GOPAC's beef by IEH between January 2007 and December 2009.  GOPAC argues that such information is relevant only to the claim that GOPAC supplied Cargill with beef containing *E. coli*.  Because the Court has already set temporal limits on GOPAC's discovery regarding the presence of *E. coli* in the allegedly breaching shipments, GOPAC contends that any discovery by Cargill regarding *E. coli* testing at its facility should be subject to the same limitations.  The Court agrees that a similar time limitation would be appropriate for discovery on Cargill's breach of contract claim.

However, the Court disagrees with GOPAC's assertion that the requested information is relevant only to Cargill's claim against GOPAC.  GOPAC's counterclaim alleges that it lost business because of Cargill's involvement in a *New York Times* article published on October 4, 2009.  Federal Rule of Civil Procedure 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Cargill contends that its defense includes the presentation of alternative causes for GOPAC's business losses following the publication of the *New York Times* article.  A pattern of disregarding safety measures and selling beef containing *E. coli* would support that defense.  Thus, materials that relate to

-3-

incidence of contamination or safety violations are relevant. Unlike, the materials relating to the presence of *E. coli* in the specific shipment sent to Cargill, the expanded time period in Cargill's request is appropriate because business practices reaching backward and forward from the *New York Times* article may have had a causal effect on GOPAC's business in the period after the article was published.

III. Privilege

GOPAC has identified colorable privilege objections based on the breadth of the request made by Cargill. However, it is difficult to delineate the privileged and non-privileged materials on a categorical basis. Therefore, a ruling as to privilege objections is premature. GOPAC or IEH should produce responsive materials for which they have no privilege objections and provide a privilege log for any materials withheld because of such objections. Accordingly,

IT IS ORDERED that Cargill's motion for leave to file a non-party subpoena on IEH Laboratories and Consulting Group using the categories provided to the Court is granted.

DATED this 13th day of January, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-4-