IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
AMERICAN HOME ASSURANCE        )
COMPANY and CARGILL MEAT       )
SOLUTIONS CORPORATION,         )
                               )
              Plaintiffs,      )        8:11CV270
                               )
     v.                        )
                               )
GREATER OMAHA PACKING COMPANY, )        MEMORANDUM AND ORDER
INC.,                          )
                               )
              Defendant.       )
_____)
```

This matter is before the Court on the motion of Cargill for an order to show cause why GOPAC has failed to answer interrogatories as ordered by the Court (Filing No. 168).

The Court agrees with GOPAC that "what Cargill's Motion is really requesting is a supplemental answer from Greater Omaha that states that Greater Omaha either *does* or *does not* know the names of the customers that it lost due to Cargill's tortious interference." *GOPAC's Brief in Opposition*, Filing No. 179 at 2. This understanding tracks the order compelling supplemental answers: "GOPAC must file a response or state that it does not have knowledge sufficient to answer these interrogatories." *Am. Home Assur. Co. v. Greater Omaha Packing Co., Inc.*, 8:11CV270, 2013 WL 4875997 (D. Neb. Sept. 11, 2013).

Despite this apparent understanding of what is being requested, GOPAC contends that it is not required to give such an answer because "it is proving its Counterclaim through a forensic economic analysis known as an 'event study,' which does not rely on identifying the names of specific customers." *GOPAC's Brief in Opposition*, Filing No. 179 at 2.  The Court finds no basis in law or logic for this assertion.  As an alternative basis for denial, GOPAC contends that it "has also told Cargill . . . that it does not know the names of the customers who stopped doing business with Greater Omaha."  *Id.*  The Court was unable to find such a statement in GOPAC's answer's to the interrogatories.[1]

In a third alternative argument, GOPAC argues that business records provided pursuant to Federal Rule of Civil Procedure 33(d) satisfy Cargill's request for the identity of customers lost due to the alleged tortious interference.  *Id.* at 3.  The business records GOPAC provided consist of sales records for all GOPAC customers from January 1, 2007 through

---

[1] The statement bearing the closest resemblance is in GOPAC's First Supplemental Answer to Interrogatory 36 which states that the identity of the customers that stopped doing business because of the alleged contamination were "[u]nknown at this time."  This phrase anticipates identifying the customers at some future time, which would require further supplementation to GOPAC's answer.  It does not inform the counterclaim-defendant of the actual identities or make a conclusive declaration that GOPAC is without the knowledge to provide the requested information.

December 31, 2011.  GOPAC contends that the customers lost due to the alleged tortious interference "may be determined by examining [these] records."  The Court disagrees.  While the sales records may indicate the identity of customers who ceased or slowed business over the course of the five years starting in 2007, they do not provide any indication as to the customer's motivation -- a key component of the requested information.

      In a fourth alternative argument, GOPAC argues that recent deposition testimony touching on the same issues obviates the need for further supplemental answers.  *GOPAC's Supplemental Brief in Opposition*, Filing No. 184 at 2.  This argument fails for the same reasons.  GOPAC asserts that the deposition included questions about the business lost due to tortious interference.  However, the answers which GOPAC contends are sufficient suffer the same defect as GOPAC's supplemental answers to the interrogatories:  they do not identify the customers which GOPAC alleges were affected by Cargill's tortious interference.

      Though the present motion is for an order to show cause, the Court finds that the extensive argument in the briefs renders a show cause order moot.  Rather the Court will order GOPAC to answer the interrogatories.  Accordingly,

IT IS ORDERED:

1) Plaintiff Cargill's motion for order to show cause is denied as moot (Filing No. 168).

2) No later than February 11, 2014, GOPAC shall answer Cargill's Interrogatory No. 22 and supplement all other disputed interrogatories as appropriate.

3) The request for status conference (Filing No. 168) is denied as moot.

4) Defendant's motion for leave to file supplemental brief in opposition to Cargill's motion for order to show cause (Filing No. 184) is denied as moot.

DATED this 31st day of January, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court