IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY and CARGILL MEAT SOLUTIONS CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:11CV270 |
| v. | ) ) | |
| GREATER OMAHA PACKING COMPANY, INC., | ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court on the objection of the plaintiffs to the defendant's nonexpert witness pretrial disclosure report (Filing No. 204).  The plaintiffs have filed an accompanying index of evidence (Filing No. 205).  The plaintiffs want the Court to limit the number of witnesses the defendant may call at trial.  The defendant did not reply to the plaintiffs' objection.  The Court will sustain the plaintiffs' objection to 57 of the 120 witnesses.

I.   BACKGROUND

In 2007, a U.S.D.A. inspection discovered a strain of *E. coli* in ground beef which led to a recall of approximately 845,000 pounds of product (Filing No. 1, at 2-3).  The plaintiffs, American Home Assurance Company ("Assurance") and Cargill Meat Solutions, Corp. ("Cargill"), are both in the meat

industry and were affected by the recall.  The plaintiffs claim that the defendant, Greater Omaha Packing Company, Inc. ("GOPAC"), adulterated the meat and caused the infection.  *Id.* at 3.  The plaintiffs bring the following actions against GOPAC: breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of contract, and indemnity.  *Id.* at 5-9.  GOPAC denies all claims and asserts a counterclaim against the plaintiffs for the tortious interference with business relationships and expectancies (Filing No. 40, at 8).

The Court has continually extended discovery deadlines at the parties' request.  The Rule 26(f) report was originally due on October 31, 2011, but after numerous extensions, the report came to the Court on July 5, 2012 (Filing Nos. 22, 23, 31, 32, 37, 39, 41, 42, 43, 49, 65, 66, 68).  After receiving the Rule 26 report, the Court set a progression order and scheduled discovery to end on September 3, 2013 (Filing No. 75, at 1).  The Court scheduled the disclosure of non-expert witnesses thirty (30) days prior to the deposition deadline.  *Id.* at 3.

On September 11, 2012, GOPAC served the plaintiffs with an initial disclosure in accordance with Federal Rule of Civil Procedure 26(a)(1) (Filing No. 205-1).  In this disclosure, GOPAC named twelve (12) nonexpert persons whom GOPAC believed had

discoverable information.  *Id.*  GOPAC reserved the right to
supplement that list.  *Id.*

On April 11, 2013, the Court amended its final
progression order (Filing No. 116).  GOPAC urged the Court to
amend the final progression because the plaintiffs were not
diligent in identifying those who claimed *E. coli* poisoning
(Filing No. 111, at 4).  The Court extended discovery until
February 3, 2014.

On November 1, 2013, GOPAC again asked the Court to
extend its deadlines (Filing No. 156).  Over the strong
objections of the plaintiffs and after a conference with the
attorneys, the Court extended the deadline for depositions until
February 18, 2014.  *Id.*

Then, on January 21, 2014, the plaintiffs and GOPAC
agreed, *inter se*, to extend the disclosure supplement deadline
from the Court's progression order to January 27, 2014 -- 22
calender days before the end of depositions instead of 30 days
(Filing No. 205-2).  In an e-mail between counsel, the plaintiffs
state that they were "relying upon [defense counsels'] statement
that you don't expect any surprises on your list and if there are
we can work through it."  *Id.*  The parties supplemented their
lists of nonexpert witnesses for trial on January 27, 2014
(Filing No. 202).

GOPAC's disclosure includes 132 potential witnesses, including 120 theretofore undisclosed additional witnesses from GOPAC's initial disclosure.  The plaintiffs object to the 120 additional witnesses.  The plaintiffs note that GOPAC only disclosed twelve (12) nonexpert witnesses to the Court, GOPAC never filed a supplement for additional witnesses from September 11, 2012, through the final disclosure date, and GOPAC's final disclosure was not timely (Filing Nos. 204 and 205).  The issue in this matter is whether GOPAC complied with its duty to supplement reports and the effects of GOPAC's actions.

II.  LAW

Federal Rule of Civil Procedure 26(e) governs the duty for parties to supplement discovery.[1]  Parties must supplement

---

[1]  The statute reads:

> **(1) *In General.***  A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response:
> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> **(B)** as ordered by the court.

Fed. R. Civ. Pro. § 26(e).

disclosures when additional "information has not otherwise been made known to the other parties" or when ordered by the Court.

When a party fails to disclose a witness properly, the court "may exclude the . . . testimony . . . unless the party's failure to comply is substantially justified or harmless." *Jenkins v. Med. Lab. Of E. Iowa, Inc.*, 880 F. Supp. 2d 946, 956 (N.D. Iowa 2012) (citing *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). In making this determination, the Court should consider, among other things, "the reason for noncompliance, the surprise and prejudice to the opposing party," the nature of the testimony and the severity of the sanction. *Id.* "'[T]he exclusion of evidence is a harsh penalty and should be used sparingly.'" *Id.*

GOPAC's deadline for filing a responsive motion has passed. Civil Rule of the United States District Court for the District of Nebraska ("Nebraska Local Rule") 7.1 states that an opposing brief (other than dismissal or summary judgement) must be filed within 14 days after the motion and supporting brief are filed and served. Neb. Civ. R. 7.1(b)(1). Nebraska Local Rule 6.1 extends any filing deadline three days for the federal mailing rule. Neb. Civ. R. 6.1(b).

III. ANALYSIS

GOPAC had a duty to disclose the witnesses to opposing counsel.  Under Fed. R. Civ. Pro. 26(A), GOPAC had a duty to disclose additional names to the plaintiffs as GOPAC became aware of these persons if the plaintiffs did not otherwise know of those names.  According to the plaintiffs' motion, at least 57 of the 120 new nonexperts were never previously identified in disclosures or discovery responses.  Therefore, the plaintiffs "otherwise knew" of 63 of the 120 nonexpert witnesses.  Consequently, GOPAC had an on-going duty throughout discovery to disclose the 57 previously unknown names to the plaintiffs.

GOPAC has failed to respond to the plaintiffs' objection.  The plaintiffs electronically filed in CM/ECF on February 4, 2014, thereby satisfying both filing and service requirements.  *See Am. Boat Co. v. Unknown Sunken Barge*, 567 F.3d 348, at 349-51.  After February 21, 2014, seventeen days after the plaintiffs filed, GOPAC failed to respond.  *See* Neb. Civ. R. 6.1(b), 7.1(b)(1).

GOPAC's failure to disclose nonexpert witnesses was not substantially justified or harmless.  First, there is literally no excuse for GOPAC's noncompliance.  GOPAC should have delivered supplemental disclosures to the plaintiffs over the course of litigation.  The parties' failure to file supplemental disclosures in accordance with the Court's progression order,

however, is excused because the parties have the right to extend certain deadlines between themselves, such as the supplemental disclosures.

Second, the Court finds the delay harmed the plaintiffs. The plaintiffs will experience surprise and prejudice at the newly disclosed witnesses. GOPAC's initial disclosure constituted twelve (12) witnesses and then multiplied eleven times to 132. The deadline for depositions has passed. The plaintiffs have no way of deposing all these people. It cannot be said, however, that the plaintiffs were totally surprised. The plaintiffs complained they never heard of 57 out of the 120 witnesses, meaning the plaintiffs "otherwise knew" of 63 witnesses (Filing No. 204). Also, the plaintiffs knew of the short time in which they might depose newly disclosed witnesses because they agreed with GOPAC to delay filing by one week. Though the parties have the authority to delay certain deadlines through mutual assent, the parties did not have the authority to condition their acceptance upon whether there were "surprises." Therefore, the Court will only exclude the 57 theretofore unknown witnesses.

IT IS ORDERED that plaintiffs' objection is sustained
as to the 57 witnesses which had not been previously identified.

DATED this 24th day of February, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court