IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
AMERICAN HOME ASSURANCE      )
COMPANY and CARGILL MEAT     )
SOLUTIONS CORPORATION,       )
                             )
          Plaintiffs,        )       8:11CV270
                             )
     v.                      )
                             )
GREATER OMAHA PACKING COMPANY,)      MEMORANDUM AND ORDER
INC.,                        )
                             )
          Defendant.         )
_____)
```

This matter is before the Court on three motions. First, the defendant filed motion, brief, and index of evidence to compel and reopen depositions (Filing No. 208, Filing No. 209 and Filing No. 210). Second, the plaintiffs filed a motion, brief, and index of evidence to exclude testimony of late-disclosed customers (Filing No. 222, Filing No. 223 and Filing No. 224). Third, the defendant filed a motion, brief, and index of evidence to overrule the plaintiffs' objections to written discovery (Filing No. 230, Filing No. 231 and Filing No. 233). The Court will grant the defendant's motion to compel in part and deny it in part; plaintiffs' motion to exclude will be denied; and defendant's motion to overrule objections will be denied.

## I.   BACKGROUND

In 2007, a U.S.D.A. inspection discovered a strain of *E. coli* in ground beef which led to illness and a recall of approximately 845,000 pounds of product (Filing No. 1, at 2-3). The plaintiffs, American Home Assurance Company ("Assurance") and Cargill Meat Solutions, Corp. ("Cargill"), work in the meat industry and were affected by the recall.  The plaintiffs claim that the defendant, Greater Omaha Packing Company, Inc. ("GOPAC"), adulterated the meat and caused the contamination. *Id.* at 3.  The plaintiffs bring the following claims against GOPAC:  breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of contract, and indemnity.  *Id.* at 5-9.  GOPAC denies all claims and asserts a counterclaim against the plaintiffs for the tortious interference with business relationships and expectancies (hereinafter "Tortious Interference").  Filing No. 40, at 8.

The impetus for GOPAC's counterclaim is an article in which an attorney working for Cargill commented on the case to a reporter.  On October 3, 2009, *New York Times* writer, Michael Moss, published a ten-page, Pulitzer-prize winning story regarding the *E. coli* outbreak, "The Burger That Shattered Her

Life" (Filing No. 210-1, at 1-10).  In salient part, the *New York Times* article (hereinafter "the Article") read as follows:

> Shawn K. Stevens, a lawyer in Milwaukee working for Cargill, began investigating.  Sifting through state health department records from around the nation, Mr. Stevens found the case of young girl in Hawaii stricken with the same E. coli found in the Cargill patties.  But instead of a Cargill burger, she had eaten raw minced beef at a Japanese restaurant that Mr. Stevens said he traced through a distributor to Greater Omaha.
>
> "Potentially, it could let Cargill shift all the responsibility," Mr. Stevens said.  In March, he sent his findings to William Marler, a lawyer in Seattle who specializes in food-borne disease cases and is handling the claims against Cargill.
>
> "Most of the time, in these outbreaks, it's not unusual when I point the finger at somebody they try to point the finger at somebody else," Mr. Marler said.  But he said Mr. Stevens's finding "doesn't rise to the level of proof that I need" to sue Greater Omaha.
>
> It is unclear whether Cargill presented the Hawaii findings to Greater Omaha, since neither company would comment on the matter.

Filing No. 210-1, at 9.

I.   MOTION TO COMPEL

The nature of Stevens' relationship with Cargill is an integral element of GOPAC's counterclaim.  GOPAC claims that Cargill directed Stevens to divulge the progress of his investigation to the *New York Times* reporter.  In discovery, Cargill denied GOPAC correspondence between Cargill and Stevens specifically regarding his communications to the press and the effects of the Article.  Cargill claims these communications are privileged.  GOPAC moves now to compel the communications or otherwise provide them to the Court for an *in camera* review.  After review of the motions, briefs, and indices of evidence, the Court does not find Cargill's resistance to production categorically convincing and therefore will review the documents *in camera* to ascertain whether Cargill properly asserts its privileges.

II.   MOTION TO EXCLUDE

Cargill wishes to exclude eighteen (18) specific customers that stopped doing business with GOPAC following the Article (Filing No. 222).  Throughout discovery, Cargill has sought to discover the identity of these customers GOPAC claimed to have lost as a result of the Article.

Since October 18, 2012, when Cargill served its First Interrogatory and RFAs in which it asked for a customer list

affected by the Article, GOPAC has refused to specify which customers GOPAC lost (Filing No. 122-1). Finally, the Court ordered GOPAC to answer Cargill's interrogatory "[n]o later than February 11, 2014," which was eight days after the close of written discovery (Filing No. 203, at 4). GOPAC electronically filed its supplement by February 11, 2014, and named eighteen (18) specific customers it lost (Filing No. 207).

Cargill complains that the filing is untimely. GOPAC filed in accordance with the Court's order. The Court issued that ruling at Cargill's behest and Cargill cannot not now seek to exclude that which it ceaselessly tried to compel. The close of discovery was set on February 3, 2014 (Filing No. 116, at 1). However, extensions of any deadline in the Final Progression Order can be made by order of the Court. *Id.* The Court's order (Filing No. 203) effectively extended GOPAC's time to file beyond the close of discovery. Therefore, the filing of GOPAC's final supplement to the interrogatories was timely. Cargill's motion will be denied.

III. OBJECTIONS

This litigation began August 5, 2011 (Filing No. 1). On January 17, 2014, GOPAC served the defendants forty-eight (48) Requests for Admissions ("RFAs") (Filing No. 231). The plaintiffs objected to all the RFAs as untimely, among other

objections.  Primarily, the issue before the Court is whether the RFAs were timely served on the plaintiffs.

In its Amended Final Progression Order, the Court closed discovery on February 3, 2014 (Filing No. 273, at 1). However, the Court's order specified that RFAs should be served on opposing counsel with sufficient response time to allow for "rule time response" (*Id.*).  The parties do not dispute that the effective deadline for serving RFAs on opposing counsel was January 1, 2014.

Nonetheless, GOPAC served RFAs on the plaintiffs on January 14, 2014.  The RFAs were untimely.  Defendant's motion to overrule the plaintiffs' objections will be denied.

IT IS ORDERED:

1)  Cargill will produce those documents highlighted in Filing No. 210-5 to the Court on or before March 25, 2014.

2)  The plaintiffs' motion to exclude witnesses is denied.

3)  The defendant's motion to overrule objections is denied.

DATED this 20th day of March, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court