IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
AMERICAN HOME ASSURANCE        )
COMPANY and CARGILL MEAT       )
SOLUTIONS CORPORATION,         )
                               )
            Plaintiffs,        )          8:11CV270
                               )
      v.                       )
                               )
GREATER OMAHA PACKING COMPANY, )          MEMORANDUM AND ORDER
INC.,                          )
                               )
            Defendant.         )
_____)
```

This matter is before the Court on the motion of the counterclaim plaintiff Greater Omaha Packing Company, Inc., (Filing No. 434) for the reconsideration of the Court's April 4, 2014, memorandum opinion (Filing No. 432) and order and judgment (Filing No. 433) dismissing its counterclaim. Briefs have been filed by all parties. Oral arguments were held on April 9, 2014.

I.   **BACKGROUND**

This case involves Greater Omaha Packing Company, Inc. ("GOPAC"), a meat supplier, and Cargill Meat Solutions Corporation. ("Cargill") a meat producer/distributer, and its insurer, American Home Assurance Company. GOPAC and three other meat suppliers delivered hamburger makings to Cargill, which in turn used the meat to produce hamburger patties. In 2007, those patties were distributed in the United States and led to an *E.*

*coli* outbreak. An investigation traced the *E. coli* back to Cargill.

Cargill hired Shawn Stevens, Esq., to defend against the claims of those who fell ill from consuming Cargill's burgers. During the course of his defense of Cargill, Mr. Stevens became aware of facts which led Cargill to file the instant action against GOPAC for essentially supplying Cargill with meat contaminated with *E. coli* in violation of its contract and warranties.

Some time after this discovery in 2009, Mr. Stevens was contacted by *New York Times* reporter, Michael Moss. The contents of their conversations, in part, led to Mr. Moss writing a Pulitzer Prize winning article (the "Article") about the meat industry and the 2007 outbreak. In the Article, Mr. Moss attributed statements to Mr. Stevens. These statements are the basis of GOPAC's counterclaim of tortious interference with business relationships and expectancies (hereinafter "Tortious Interference"). The lack of evidence regarding these comments is also the basis of the Court's previous order granting summary judgment on GOPAC's claim.

In its summary judgment motion, GOPAC relied upon the Article and three e-mails[1] to establish what Mr. Stevens said to Mr. Moss. These documents contain as many as three levels of hearsay. After review of the motion, briefs, and indices of evidence, the Court determined that GOPAC lacked admissible evidence to prove "Mr. Stevens made the comments to Mr. Moss that the Article attributes to him." Filing No. 432, at 9. GOPAC has now filed a motion for reconsideration on various grounds[2] including whether a stipulation nullifies the Court's reasoning, whether the Business Record Exception covers the hearsay statements in question, and whether the Court applied the wrong legal standard in granting summary judgment.

---

[1] Filing Nos. 367-15, 368-2, and 368-14 (hereinafter "Exhibits HHH, JJJ, and VVV" respectively; the "Moss E-mails" collectively).

[2] To the extent that GOPAC argues that Cargill did not argue the admissibility of Exhibits HHH, JJJ, and VVV in its brief for summary judgment, the Court disagrees. In its brief in support of its motion for summary judgment, Cargill stated "GOPAC understands that it relies solely on hearsay to support its theory." Filing No. 220, at 28. In GOPAC's response, it asserted Exhibits HHH, JJJ, and VVV supported its claims in addition to the Article. Filing No. 363, at 20, 22-24, 44, 46-55, 66-68, 71. Cargill rebutted GOPAC's assertions and stated in its reply brief that the Moss E-mails were inadmissible. Filing No. 396, at 11-13.

**II.   STANDARD OF REVIEW**

Rule 59(e) of the Federal Rules of Civil Procedure allows the Court to alter or amend a judgment to correct an error in the judgment.

Rule 60(b) of the Federal Rules of Civil Procedure provides:  "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Rule 60(b)(6) applies when the moving party has been denied "a full and fair opportunity to litigate his claim" and where the moving party has been denied "adequate redress."  *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

**III. DISCUSSION**

**A.   Stipulation**

The Court begins its analysis on the issue of whether the parties stipulated to the admissibility of the Article and Moss E-mails.  The Court finds that Mr. Coyle and Mr. Bylund stipulated to Mr. Bylund's offer:  a mutual stipulation "with respect to authentication, foundation for documents that [the parties] produced."  Filing No. 364-4, at 3.  Mr. Bylund's offer did not mention the Business Record Exception and the Court finds

the parties did not stipulate that all documents the parties produced fell into the Business Record Exception.[3]

Even if the Court found that the parties had established the Business Record Exception for all documents which Cargill produced, either by establishing the foundational elements of the exception or by stipulation, such a finding would not cover hearsay within those documents, which would require separate exceptions for each level of hearsay. *See Johnson v. Lutz*, 253 N.Y. 124, 128, 170 N.E. 517 (N.Y. 1930) ("It was not intended to permit the receipt in evidence of entries based upon voluntary hearsay statements made by third parties not engaged in the business or under any duty in relation thereto."); *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 140 (Tex. 2004) ("consumer complaints in a company's files are generally hearsay within hearsay, and require their own exception in addition to that for business records generally."). The breadth of the stipulation would not extend to the second level of hearsay, the statements in the Moss E-mails, because the mere presence of e-mails in a company's server is insufficient to establish that all

---

[3] The Court notes GOPAC made objections to documents which GOPAC or Cargill produced in discovery on the basis of hearsay. Filing No. 403-1. It follows that if the stipulation were as broad as GOPAC asserts, GOPAC could not have made those objections.

-5-

the contents of those e-mails fall within the Business Records Exception. *E.g.*, *In re Oil Spill*, MLD No. 2179, 2012 WL 85447, at *3 (E.D. La. Jan. 11, 2012).

**B.   Records of a Regularly Conducted Activity**

The issue before the Court is whether Mr. Moss's statements within the e-mails are admissible hearsay. In these e-mails, Mr. Moss claims Mr. Stevens made varying statements regarding GOPAC's and Cargill's liabilities for the *E. coli* outbreak. *See* Exhibits HHH, JJJ, and VVV. GOPAC wishes to admit into evidence these out-of-court statements to prove Mr. Stevens made these comments to Mr. Moss. Therefore, the e-mails are being offered to prove the matter asserted in the e-mails. Fed. R. Evid. 801(c)(1). The parties argue as to whether the business record exception applies to those statements.

The "Business Record Exception" is Federal Rule of Evidence 803(6). The second element of the Business Records exception requires the record was kept in the course of a regularly conducted activity of a business. Courts analyze the business of the out-of-court declarant when determining whether the out-of-court statement was made in the regular course of its business. *See e.g.*, G. Michael Fenner, The Hearsay Rule, pp. 169-70, 172-73 (3d ed. 2013); *United States v. Vihneau*, 187 F.3d 70, 75 (1st Cir. 1999) (citing *Johnson*, 253 N.Y. 124, 170 N.E.

-6-

517)). Cargill is not the out-of-court declarant for the Moss E-mails. GOPAC has not argued and cannot establish the regularity of Mr. Moss's e-mails nor whether these e-mails are records. Thus, Exhibits JJJ, HHH, and VVV do not fall into the Business Record Exception. GOPAC does not offer, and the Court cannot find, another exception under which to allow the Moss E-mails or the Article, so those documents are inadmissible hearsay. Therefore, the Court will not reconsider the weight of this evidence in the Court's April 4, 2014, Order.

**C.   Rule 56(c)(2)**

GOPAC states that *In re Zurn Pex Plumbing Products Liability Litigation* (hereinafter "*Zurn*") is no longer good law.[4] Filing No. 435, at 9-11. No case law or amendments to the Federal Rules of Civil Procedure have overruled or abrogated this case. *See In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011). The 2010 amendment to Federal Rule of Civil Procedure 56(c)(2) made no change to the rule which abrogates the *Zurn* decision insofar as the rule applies to this case.

---

[4] The Court notes GOPAC's argument that the Eighth Circuit's opinion in *Zurn* was based on the previous iteration of Rule 56 when evaluating a district court opinion entered before the effective date of the amendment. Filing No. 434, at 10 n.4.

GOPAC's confusion between *Zurn* and Rule 56(c)(2) is easily resolved.  In *Zurn*, the Eighth Circuit affirmed that district courts rely only on admissible evidence at the summary judgment stage.  *Zurn*, 644 F.3d at 613 (citing *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 924 (8th Cir. 2004)).  This standard is indistinguishable from Rule 56(c)(2) in the instant matter.  Rule 56(c)(2) states "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Where, as here, the proponent of evidence can only sustain its claim on the introduction of inadmissable hearsay evidence and presented no alternative form for that evidence, the evidence cannot take a form "admissible in evidence."

GOPAC has cited the Article and Moss E-mails in its statement of facts opposing summary judgment.  Fed. R. Civ. P. 56(c)(3).  Cargill objected to the admissibility of those documents in its briefs in support of its motion for summary judgment.  Filing No. 220, at 28; Filing No. 396, at 11-13.  GOPAC did not cite other forms to admit the Moss E-mails or the Article into evidence.

In oral argument, GOPAC mentioned the possibility that Mr. Moss might show up at trial, but the Court notes the parties agreed that the *New York Times* has failed to respond to a

-8-

subpoena, Mr. Moss's deposition was never taken, and there was no affidavit from Mr. Moss as to what he might testify to at trial. Fed. R. Civ. P. 56(c)(2), (3), (4).  There was no evidence in the summary judgment phase as to what Mr. Moss might offer, if anything, in court.

The Moss E-mails and the Article could not be reduced to an admissible form for trial during the summary judgment phase.  *Zurn* is not inapposite to Federal Rule of Civil Procedure 56(c)(2) and Cargill's reliance upon that case was not inappropriate.  Accordingly,

IT IS ORDERED that GOPAC's motion for reconsideration is denied.

DATED this 14th day of April, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court