IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
AMERICAN HOME ASSURANCE        )
COMPANY and CARGILL MEAT       )
SOLUTIONS CORPORATION,         )
                               )
            Plaintiffs,        )          8:11CV270
                               )
      v.                       )
                               )
GREATER OMAHA PACKING COMPANY, )          ORDER
INC.,                          )
                               )
            Defendant.         )
_____)
```

This matter is before the Court on cross motions from plaintiff Cargill and defendant. Defendant filed a motion (Filing No. 325) to exclude actions by the U.S.D.A. which have "no relation to the spreading of *E. coli* 0157:H7 in August 2007," among other things. The defendant filed a brief (Filing No. 326) and index of evidence (Filing No. 327) in support of its motion. The plaintiffs responded in an amended brief (Filing No. 395) and an index of evidence (Filing No. 394). The defendant replied with a final brief (Filing No. 449).

In a related motion (Filing No. 440), plaintiff Cargill moved to exclude the U.S.D.A.'s Notice of Intended Enforcement ("NOIE") to Cargill, and related correspondence, from December 2007. Plaintiff Cargill did not include a brief or index of evidence, but instead stated the evidence should be excluded "for

the same reasons GOPAC argues that its own NOIE is inadmissable" (*Id.* at ¶ 3). The defendant responded with a brief (Filing No. 466) and index of evidence (Filing No. 467) in opposition.

The Court will grant the defendant's motion to exclude the U.S.D.A. documents in part and deny it in part, deny plaintiff Cargill's motion, and defer consideration of the remainder of the defendant's motion for consideration at trial.

I. BACKGROUND

In August 2007, Greater Omaha Packing, Corp. ("GOPAC") sent beef product to Cargill Meat Solutions, Corp. ("Cargill") so that Cargill could produce beef patties from that meat. Cargill distributed those patties into commerce. In the following months, an *E. coli* outbreak occurred and gravely injured several people. An investigation traced the *E. coli* back to Cargill. A recall of the beef patties occurred in October 2007.

Cargill is a plaintiff in this case along with American Home Assurance Company ("Assurance"). The plaintiffs have brought various contract claims against the defendant, GOPAC. Essentially, the plaintiffs claim that GOPAC sold Cargill *E. coli*-contaminated meat in violation of a contract between GOPAC and Cargill.

Both Cargill and GOPAC have been the target of U.S.D.A. inspections prior to and after the outbreak. At the center of

the current cross motions are U.S.D.A. NOIEs against Cargill and GOPAC which were issued after the outbreak, in December 2007.  An NOIE is "a federal enforcement action that allows the government to prohibit a meat processor from releasing its products into commerce due to food safety violations that the processor allegedly committed."  Filing No. 466, at 1-2 (citing Filing No. 467-2, at 1-8).  "If the processor fails to explain or correct the alleged violations, the [U.S.D.A.] can shut down the processor's operations."  *Id.*

GOPAC wishes to exclude its own NOIE because it was irrelevant and would confuse the issues for the jury.  Cargill wishes to exclude its NOIE for the same reasons.  Despite the close relation between the *post hoc*, U.S.D.A. inspections of the parties, the Court will address the motions separately.

A.    GOPAC's Motion to Exclude.

As an initial matter, GOPAC's motion contains a list of requests *in limine*.  The Court expressly limits its consideration of the defendant's motion *in limine* to its request to exclude "[a]ny Noncompliance Reports ("NRs") or other actions by the U.S. Department of Agriculture which are unrelated to Greater Omaha's raw fresh trim or which have no relation to the spreading of *E. Coli* 0157:H7 in August of 2007."  Filing No. 325, at ¶ 3.  The

Court will consider the other requests in that motion at trial, if necessary.

According to Cargill, its NOIE is unrelated to the outbreak in this case. Specifically, the NOIE in December 2007 "contained numerous errors and reported that [GOPAC] had an 'inadequate HACCP System'" because of a spike in *E. coli* in GOPAC products from October until November in 2007. This spike was due to an additional fan on the kill floor and alterations to the tail puller. Filing No. 326, at 7. The Court will not exclude the NOIE because it is relevant and the probative value of the evidence is not substantially outweighed by unfair prejudice, confusing the issues, or misleading the jury.

In another brief, GOPAC moves to exclude a U.S.D.A. NR filed against it dated August 2, 2007. GOPAC states that the *E. coli* detected in that NR came from a factory other than the factory which produced the product in question in this case. The Court will exclude the NRs from facilities other than the facility which produced the meat supplied to Cargill. The processes in other facilities goes beyond that which is relevant to this case. Furthermore, the evidence of NRs in GOPAC facilities other than the one in question offer little probative value and that value is substantially outweighed by unfair prejudice, confusing the issues, or misleading the jury.

-4-

B.   Cargill's Motion to Exclude.

First, GOPAC objects to Cargill's motion because Cargill failed to attach a brief in support of its motion in accordance with Nebraska Local Rule 7(a)(1)(A).  The Court will not consider Cargill's failure to attach a brief as a waiver of its motion.

However, because Cargill argued its NOIE should be excluded for the same reasons GOPAC argued its NOIE should be excluded, and because the Court did not exclude GOPAC's NIOE, the Court will likewise not exclude Cargill's NIOE.  *See* Filing No. 440.  Though these reports occurred after the fact, the information they contain has a tendency to identify the source of the *E. coli*.  The source of the *E. coli* is a material fact in this case.  To the extent that the NOIE relates to Cargill's facility which produced the beef patties in question, it is admissible.

IT IS ORDERED:

1) GOPAC's motion (Filing No. 325, at ¶ 3) to exclude U.S.D.A. documents is denied in part and granted in part.  The motion to exclude the NOIE is denied.  The motion to exclude NRs relating to GOPAC facilities which did not produce the beef trim in question is granted.

2) Ruling on the remainder of GOPAC's motion (Filing No. 325) is reserved until trial.

3) Cargill's motion (Filing No. 440) to exclude its NOIE and related correspondence is denied.

DATED this 2nd day of May, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court