```
              IN THE UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEBRASKA

AMERICAN HOME ASSURANCE       )
COMPANY and CARGILL MEAT      )
SOLUTIONS CORPORATION,        )
                              )
               Plaintiffs,    )           8:11CV270
                              )
        v.                    )
                              )
GREATER OMAHA PACKING COMPANY,)           MEMORANDUM AND ORDER
INC.,                         )
                              )
               Defendant.     )
_____)
```

This matter is before the Court on the motion (Filing No. 311) of the plaintiff Cargill to exclude evidence that Cargill was a "contributing cause" for the purpose of disclaiming GOPAC's warranties. Plaintiff Cargill has filed an accompanying brief (Filing No. 312) and index of evidence (Filing No. 313). The defendant filed a brief (Filing No. 399) in opposition to the motion. Cargill then replied with a brief (Filing No. 409) and index of evidence (Filing No. 410) in support of its motion. The Court will deny the motion.

I.  **FACTUAL BACKGROUND**

An *E. coli* outbreak occurred in 2007 and gravely injured several people. An investigation traced the *E. coli* back to a ground-beef patty manufacturer, Cargill Meat Solutions, Corp. ("Cargill"), who is the plaintiff in this case along with

American Home Assurance Company ("Assurance").  The plaintiffs have brought various contract claims against the defendant, Greater Omaha Packing, Corp. ("GOPAC").  Essentially, the plaintiffs claim that GOPAC sold Cargill meat contaminated with the *E. coli* strain in violation of a contract between GOPAC and Cargill.

Cargill used four sources of beef to produce the ground beef patties in question.  Those sources were Lone Star Beef Processors, L.P. ("Lone Star"), Beef Products, Inc. ("BPI"), Frigorifico PUL ("Frigorifico"), and GOPAC.  After production, Cargill distributed the patties across the United States.  In the Fall of 2007, multiple people became ill due to *E. coli* O157:H7 (Filing Nos. 328, at 1; 278, at 3).  The Center for Disease Control ("CDC") began to track the illness.  The CDC compiled a "Line List" which comprised 54 people affected by the *E. coli* outbreak.  After identifying 54 people affected by the *E. coli* strain, the CDC found that 27 of them reported exposure to Cargill's burgers (Filing No. 278, at 4).  Cargill recalled approximately 845,000 pounds of product and has settled numerous claims against it with those injured by the contaminated meat.

At the center of the current motion is a one-page Guarantee between Cargill and GOPAC.  Filing No. 313-1, at 2.  It is titled "General and Continuing Pure Food/Hold Harmless

Guarantee." GOPAC guaranteed to Cargill that all articles, comprising each shipment or other delivery would not be adulterated, which included being free of *E. coli*. GOPAC further guaranteed that its articles would be legally transportable or sold. The Guarantee also stated it would be "void in the event any act or omission by [Cargill] shall be a **contributing cause** to any loss otherwise covered by the terms of this Guarantee." *Id.* (emphasis added).

In preparation for trial, GOPAC has retained several expert witnesses to testify that Cargill was a contributing cause to the *E. coli* outbreak. Cargill moves under Federal Rules of Evidence Rules 402 and 403 to exclude all evidence of Cargill's acts or omissions after GOPAC delivered its product to Cargill (Filing No. 311, at ¶ 1, ¶ 3). First, the Court addresses the scope of its analysis.

## II.  LAW

The Court must evaluate whether Cargill's pending motion is merely a motion *in limine* or a motion for summary judgment. Though Cargill labeled the motion as one "*in limine*," the substance of the motion will determine whether the Court will construe it as such. *See Bliss v. BNSF Rwy. Co.*, No. 4:12cv3019, 2013 WL 5570231, at *2 (D. Neb. Oct. 9, 2013). "A motion in limine is 'any motion, whether made before or during trial, to

exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Id.* (citing *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). "A motion in limine is used 'to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions;' in contrast, a motion for summary judgment is a mechanism for resolving non-evidentiary matters prior to trial." *Id.* Circuit courts have reversed district courts for granting *in limine* motions to bar the presentation of all evidence in support of the non-moving party's affirmative defenses in contravention of the procedural protections of the federal rules of civil procedure regarding summary judgment. *Id.*; *Louzon*, 718 F.3d at 562 (citing *Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1378 (Fed. Cir. 2012); *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069-70 (3d Cir. 1990); *Mid-Am. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). Therefore, the denial of this motion turns on whether Cargill's motion seeks to exclude all evidence of one of GOPAC's affirmative defenses.

### III. DISCUSSION

GOPAC has asserted the affirmative defense that "[t]o the extent that the Guarantee alleged in Plaintiffs' Complaint existed, such Guarantee is void for reasons including, but not limited to, the acts or omissions of Plaintiffs and/or their

Affiliates as set forth therein." Filing No. 40, ¶ 14. This affirmative defense references the Guarantee and includes evidence of Cargill's failure to use finished-product testing,[1] Cargill's production and shipment of the burgers, Cargill's use of dated GOPAC product, and Cargill's failure to irradiate its burgers. Filing No. 399, at 9-10. Cargill has moved to exclude "any evidence of Carill's 'acts or omissions'" and is therefore a motion for summary judgment.

The close for motions for summary judgment in this case was March 3, 2014. Filing No. 18, at 2. Cargill filed the instant motion on March 10, 2014 -- seven days after the deadline for summary judgment. Filing No. 311. Therefore, the motion was improper and untimely. Because the Court cannot exclude all evidence of GOPAC affirmative defense in a motion *in limine*, the Court will deny the motion. *See Bliss v. BNSF Rwy. Co.*, No. 4:12cv3019, 2013 WL 5570231, at *2.

---

[1] Cargill has filed a separate motion *in limine* to exclude specific evidence regarding finished-product testing. Filing No. 301.

-5-

IT IS ORDERED that plaintiff Cargill's motion is denied.

DATED this 20th day of May, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court