IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
AMERICAN HOME ASSURANCE       )
COMPANY and CARGILL MEAT      )
SOLUTIONS CORPORATION,        )
                              )
           Plaintiffs,        )         8:11CV270
                              )
      v.                      )
                              )
GREATER OMAHA PACKING COMPANY,)         MEMORANDUM AND ORDER
INC.,                         )
                              )
           Defendant.         )
_____)
```

This matter is before the Court on the plaintiff Cargill's motion in limine to exclude proposed expert testimony and report of Vincent Powers (Filing No. 252). The plaintiff has filed an accompanying brief (Filing No. 253) and index of evidence (Filing No. 254). The defendant has filed a brief (Filing No. 340) and index of evidence (Filing No. 341) in opposition of the motion. The plaintiff has filed a reply brief (Filing No. 359) and index of evidence (Filing No. 360). After review of the motion, briefs, and indices of evidence, the Court will deny the motion.

I.   BACKGROUND

The plaintiffs, American Home Assurance Company ("Assurance") and Cargill Meat Solutions, Corp. ("Cargill"), were affected by a major beef recall in 2007. The plaintiffs claim

that the defendant, Greater Omaha Packing Company, Inc. ("GOPAC"), adulterated meat, sold that meat to Cargill, and caused an outbreak of *E. coli*.  Filing No. 1, at 3.

Cargill produced the ground beef hamburger patties in question from four sources.  Those sources were Lone Star Beef Processors, L.P. ("Lone Star"), Beef Products, Inc. ("BPI"), Frigorifico PUL ("Frigorifico"),[1] and GOPAC.  After production, Cargill distributed the burgers across the United States.  In the Fall of 2007, multiple people became ill due to *E. coli* O157:H7 (Filing Nos. 328, at 1; 278, at 3).  The Center for Disease Control ("CDC") began to track the illness.  The CDC compiled a "Line List" which comprised those 54 affected by the *E. coli* outbreak.  After identifying 54 people affected by the *E. coli* strain, the CDC found that 27 reported exposure to Cargill's burgers (Filing No. 278, at 4).  Cargill undertook a similar process to identify whether one of its four suppliers provided Cargill with contaminated meat and the result prompted the current litigation.  In the interim, Cargill settled a number of personal injury claims (the "Settlements") in amounts totaling approximately $25 million.  The expert witness in this motion is Lincoln, Nebraska, attorney Vincent Powers.  Mr. Powers, Esq.,

---

[1] Frigorifico is a Uruguayan company (Filing No. 278, at 3).

plans to testify that those settlements were not fair and reasonable as to GOPAC. Filing No. 253, at 4. This testimony is in direct rebuttal of Cargill's own retained legal experts, who plan to testify that the Settlements were reasonable. Filing No. 341, at 5-6.

## II.  STANDARD OF REVIEW

The Court must determine whether Mr. Powers' specialized knowledge will assist the trier of fact to understand evidence or to determine a fact in issue. Fed. R. Evid. 702. Under Rule 702, the Court must consider whether (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence. *Daubert*, 509 U.S. at 592-93, n.10. "[T]estimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006). "When the analytical gap between the data and proffered opinion is too great, the opinion must be excluded." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

## III. DISCUSSION

Cargill claims that Mr. Powers will deliver an opinion as to how reasonable the Settlements are to GOPAC, and not whether the Settlements were reasonable *per se*. Mr. Powers believes that Cargill settled its claims against those affected by *E. coli* too eagerly and that, if GOPAC had been considered in these negotiations, it would not have been so eager to settle the claims. Filing No. 253, at 4-5. Mr. Powers uses in his calculation the possibility that GOPAC is potentially not liable for the claims alleged in the current action. *Id.* at 5-6.

The Court finds that Mr. Powers's specialized knowledge will assist the jury at trial regarding these specific damages. The argument which Cargill posits will be more appropriately evaluated by the jury.

IT IS ORDERED that the plaintiff Cargill's motion is denied.

DATED this 20th day of May, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court