IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
AMERICAN HOME ASSURANCE        )
COMPANY and CARGILL MEAT       )
SOLUTIONS CORPORATION,         )
                               )
              Plaintiffs,      )          8:11CV270
                               )
        v.                     )
                               )
GREATER OMAHA PACKING COMPANY, )          MEMORANDUM AND ORDER
INC.,                          )
                               )
              Defendant.       )
_____)
```

This matter is before the Court on plaintiff Cargill Meat Solution's ("Cargill") motion to exclude certain invoice terms and conditions that defendant Greater Omaha Packing Company ("GOPAC") seeks to offer at trial (Filing No. 480).

I. Background

GOPAC started selling beef to Cargill as part of Cargill's "approved supplier program" in 2007. This program involved a specific contract between the parties that included specific guarantees that the shipments would be -- among other things -- "not adulterated" and "able to be legally transported or sold." The agreement also provided for damages "that are a direct and proximate result of [GOPAC]'s actions." In the fall of 2007, a substantial amount of beef traced to Cargill was recalled due to multiple instances of consumers contracting E.

coli.  Cargill alleges that the tainted meat was supplied to Cargill by GOPAC and has brought suit on the basis of the explicit guarantee in the parties' contract as well as implied warranty of merchantability and implied warranty of fitness for a particular purpose.

The present motion involves invoices that GOPAC claims to have sent to Cargill contemporaneous to every shipment of meat -- some 350 up to and including the allegedly contaminated shipment.  Said invoices included a page entitled "TERMS AND CONDITIONS OF SALE" that states "THIS WARRANTY IS THE EXCLUSIVE WARRANTY PROVIDED AND IS EXPRESSLY IN LIEU OF ANY OTHER WARRANTIES EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION ANY WARRANTY OF MERCHANTABILITY, CONDITION, OR FITNESS FOR A PARTICULAR PURPOSE or use."  The invoice also limits GOPAC's liability to the price of the goods sold and claims to be the exclusive agreement regarding the sale.  Cargill claims not to have received any such invoices and produced no such invoices in response to discovery requests.  Cargill also asserts that discovery served on other GOPAC customers did not yield any invoices.  The parties also dispute whether it was GOPAC's policy to send the invoices before, after, or contemporaneously with the shipments of product -- an act that would constitute full performance of the contract.

II. Analysis

As a preliminary matter, GOPAC argues that the motion in limine to exclude the invoices should be treated as a late-filed motion for summary judgment because it seeks the resolution of legal issues outside of simple relevance calculations. The substance of the motion will determine whether the Court will construe it as motion for summary judgment or a motion in limine. *See Bliss v. BNSF Rwy. Co.*, No. 4:12CV3019, 2013 WL 5570231, at *2 (D. Neb. Oct. 9, 2013). "A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Id*. (citing *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). "A motion in limine is used 'to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions;' in contrast, a motion for summary judgment is a mechanism for resolving non-evidentiary matters prior to trial." *Id*.

Cargill argues that the invoices are non-probative and prejudicial because the disclaimers contained therein are ineffective. However, the sole reason GOPAC intends to submit the invoices is to prove its affirmative defense against the warranty claims. Thus, in order for the Court to determine whether the invoices are relevant, the Court must do more than

simply weigh the probative value against the potential for prejudice.  Rather, Cargill asks that the Court to resolve a legal issue that is central to the merits of the case:  whether the warranties are effective and, in turn, whether GOPAC's affirmative defense is valid.  The resolution of such legal issues is the purpose and function of summary judgment, and the deadline for summary judgment motions has passed.  Further, whether the disclaimers are fully effective depends on certain facts, some of which are contested and some of which have not been fully developed for the Court.  At this point in the proceedings, the effectiveness of the disclaimers is an issue best left for resolution at trial.  Accordingly,

        IT IS ORDERED that plaintiff's motion is denied.

        DATED this 22nd day of July, 2014.

                      BY THE COURT:

                      /s/ Lyle E. Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court