IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
AMERICAN HOME ASSURANCE        )
COMPANY and CARGILL MEAT       )
SOLUTIONS CORPORATION,         )
                               )
          Plaintiffs,          )         8:11CV270
                               )
     v.                        )
                               )
GREATER OMAHA PACKING COMPANY, )         ORDER
INC.,                          )
                               )
          Defendant.           )
_____)
```

This matter is before the Court on the motion (Filing No. 536) of the plaintiff to overrule the defendant's foundation objections.  The parties stipulated to foundation of documents *produced* by the parties in a pretrial deposition (Filing No. 538-3, at 3-4).[1]  In the pretrial order, defendant Greater Omaha

---

[1]  The stipulation reads as follows:

> MR. COYLE:  No.  This is a stipulation that if the proper person were called to testify, we both have produced true and accurate copies that we maintain in the ordinary course of business. And then you can reserve whatever objection you have to that, and I'll do the same.  I just don't want to be fussing with any authentication issues, foundational issues, because we really just don't have time.

Packing Company ("GOPAC") objected to Exhibit 272A on the grounds of foundation, hearsay, relevance, and federal rule of evidence 407, the rule against evidence of subsequent remedial measures (Filing No. 403-1, at 12).  GOPAC objected to Exhibit 272B on the

---

> MR. BYLUND: I will stipulate, with respect to authentication, foundation for documents that Cargill produced, and you're stipulating the same for the documents that GOPAC produced?
> MR. COYLE: Sure.
> MR. BYLUND: **And I believe that you and I have -- we've covered this definitely in the Minnesota Health Department deposition, we covered the same subject matter in the Hawaii deposition.**
> MR. COYLE: That's fine.
> MR. BYLUND: Is the same true, then, with respect to the New York and Missouri records?
> MR. COYLE: That one -- let me noodle that. I know that we're okay on the people we took.
> MR. BYLUND: **Because we've already -- I'm just talking about the records.  We've already stipulated -- we made a stipulation on records for Hawaii and for Minnesota** --
> MR. COYLE: Right.
> MR. BYLUND: -- **last week.**
> MR. COYLE: Let me noodle the documents from the other places.
> MR. BYLUND: Okay.
> MR. COYLE: **But as far as our clients then we don't have to worry about that. Okay**.  Other than that, very well.  Let's go to work.

Filing No. 542, at 1-2, n.1.

-2-

grounds of authentication, foundation, hearsay, and relevance (*Id.*).

This motion constitutes the third time the Court has considered the admissibility of these particular exhibits.

GOPAC opposes the motion on three grounds. First, GOPAC did not *produce*[2] the documents and the stipulation, therefore, is not applicable to Exhibits 272A and 272B (Filing No. 542, at 2-5). Second, Exhibits 272A and 272B are inadmissable pursuant to the rule against hearsay and relevance (*Id.*). Third, the witness at trial did not authenticate the Exhibits[3] (*Id.* at 6-7).

I.  STIPULATION

This motion specifically requests the Court to overrule objections as to foundation and authentication. Because GOPAC produced the exhibits in discovery, the Court interprets the parties' stipulation to cover the exhibits. Therefore, the Court will grant the motion to overrule GOPAC's foundation and authentication objections.

---

[2] GOPAC produced these documents pursuant to a discovery request, but GOPAC did not create these documents. IEH, a contractor hired by GOPAC to perform laboratory services in its facility, created the exhibits. *See* Filing No. 542.

[3] Because the authentication and foundation are established by stipulation, the Court does not analyze this argument.

II.  RELEVANCE AND HEARSAY

Plaintiff Cargill only moved to overrule GOPAC's objections regarding foundation and authentication.  Cargill did not address the remaining objections which GOPAC asserted.  Therefore, the Court will not receive these documents into evidence.  Furthermore, the Court finds its previous order (Filing No. 459) controlling in this matter.

III. CONCLUSION

The stipulation waives GOPAC's foundation and authentication objections, but not its hearsay objections.  *See* Filing No. 459.  The motion will be granted but the exhibits remain inadmissible pursuant to the rule against hearsay.

IT IS ORDERED:

1) The Court grants the plaintiff's motion (Filing No. 536) and overrules the defendant's objections to foundation and authentication.

2) The Court will not overrule the defendant's objections to hearsay.

3) Exhibits 272A and 272B remain inadmissible.

DATED this 16th day of September, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court