IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
AMERICAN HOME ASSURANCE        )
COMPANY and CARGILL MEAT       )
SOLUTIONS CORPORATION,         )
                               )
              Plaintiffs,      )          8:11CV270
                               )
       v.                      )
                               )
GREATER OMAHA PACKING COMPANY, )          ORDER
INC.,                          )
                               )
              Defendant.       )
_____)
```

This matter is before the Court on the motion (Filing No. 574) "in limine" of the plaintiff to exclude the video deposition of Shawn Stevens. Mr. Stevens was designated as a will-call witness by defendant Greater Omaha Packing Company ("GOPAC") and a may-call witness by plaintiff Cargill. At the beginning of the third week of trial, but before the close of the plaintiff's evidence, GOPAC delivered its proposed designations for Mr. Stevens' video deposition (Filing No. 578-1, at 1).

To offer video deposition testimony at trial, the party offering the testimony must "submit any unresolved objections to the court in a motion in limine after the deposition, but no later than 7 days before trial or, alternatively, the date set by the pretrial order." NECivR 30.1(f). GOPAC did not comply with this rule, and when Cargill objected on that basis, GOPAC changed

its position and chose to read Mr. Stevens' deposition testimony in order to circumvent the requirements of the local rule. Because the testimony is not in the medium of video, Local Rule 30.1(f) is not applicable and the testimony is admissible.

An additional issue between the parties concerns Cargill's objections to GOPAC's designations. The parties agreed to reserve objections in the video deposition and to submit their objections to the Court in accordance to Local Rule 30.1(f). GOPAC never submitted Mr. Stevens' deposition and Cargill, therefore, never presented its objections to the deposition. GOPAC encourages the Court to consider Cargill's objections waived; however, the Court believes it would be a fundamental injustice for Cargill not to be able to rely upon the parties' agreements, particularly in light of GOPAC's dynamic shifts in offering Mr. Stevens' deposition. Therefore, the Court will consider Cargill's objections as timely. After review of the relevant case law, the parties' briefs, and the parties' indices of evidence, the Court will sustain the following objection in Mr. Stevens' deposition: 50:17-51:8. GOPAC agreed to withdraw using 330:1-331:2.

IT IS ORDERED:

1) Plaintiff's motion (Filing No. 574) is denied in part and granted in part.

2) Defendant is prohibited from offering the video of Mr. Stevens' deposition.  Defendant may read the testimony.

3) The Court sustains plaintiff's objections to the following portions of the Stevens deposition:  50:17-51:8.  GOPAC has withdrawn 330:1-331:2.

DATED this 24th day of September, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court