IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
AMERICAN HOME ASSURANCE      )
COMPANY and CARGILL MEAT     )
SOLUTIONS CORPORATION,       )
                             )
          Plaintiffs,        )        8:11CV270
                             )
     v.                      )
                             )
GREATER OMAHA PACKING COMPANY,)       MEMORANDUM OPINION
INC.,                        )
                             )
          Defendant.         )
_____)
```

This matter is before the Court on defendant's renewed motion for judgment as a matter of law, filed pursuant to Federal Rule of Civil Procedure 50, or in the alternative, motion for new trial, and request for oral argument (Filing No. 609, with brief, Filing No. 610). Plaintiffs filed a response to defendant's motions (Filing No. 617), to which the defendant replied (Filing No. 621). After having reviewed the defendant's motions, the briefs, and relevant law, the Court will deny defendant's motions.

This action arises out of an *E. coli* O157:H7 outbreak that occurred in 2007 which injured several people. An investigation traced the *E. coli* O157:H7 back to a ground beef patty manufacturer, Cargill Meat Solutions Corporation ("Cargill'), who is the plaintiff along with American Home

Assurance Company ("Assurance").  The plaintiffs brought various contract claims against the defendant, Greater Omaha Packing Company, Inc. ("GOPAC").  The plaintiffs claim that GOPAC sold Cargill meat contaminated with the *E. coli* strain in violation of a contract between GOPAC and Cargill.  On September 29, 2014, the jury returned a verdict in favor of Cargill for $9,000,000.

**I. Renewed Motion for Judgment as a Matter of Law**.

The defendant claims that the Court should grant its renewed motion for judgment as a matter of law on the grounds that there was insufficient evidence at trial to allow the jury to conclude, without speculation, that GOPAC's raw beef trim was the source of the contamination.  Alternatively, the defendant claims that there was insufficient evidence at trial showing the settlements that Cargill entered into were fair and reasonable.

When considering a motion for judgment as a matter of law, a court "must determine whether or not the evidence was sufficient to create an issue of fact for the jury."  *Lane v. Chowning*, 610 F.2d 1385, 1388 (8th Cir. 1979).  The Court will grant a motion for judgment as a matter of law "when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party."  *Ehrhardt v. Penn. Mut. Life Ins. Co.*, 21 F.3d 266, 269 (8th Cir. 1994).  In considering the motion, the Court views the record in

the light most favorable to the prevailing party.  *Wash Solutions, Inc. v. PDQ Mfg., Inc.,* 395 F.3d 888, 892 (8th Cir. 2005).  The Court must also assume that all conflicts in the evidence were resolved in favor of the prevailing party, and the Court must assume as proved all facts that the prevailing party's evidence tended to prove.  *E.E.O.C. v. Kohler Co.,* 335 F.3d 766, 772 (8th Cir. 2003).  The motion should be denied unless the Court concludes that no reasonable juror could have returned a verdict for the nonmoving party.  *Billingsley v. City of Omaha,* 277 F.3d 990, 995 (8th Cir. 2002).

GOPAC argues that two of Cargill's expert witnesses, Dr. Randall Singer ("Dr. Singer") and Dr. Lee Harrison ("Dr. Harrison"), used improper methods to conclude that GOPAC was the source of the *E. coli* O157:H7.  GOPAC claims that the trace-back methodology was improper because the experts ignored key facts from the CDC Line List, specifically the two Ohio patients, and therefore, their opinions were fatally flawed.  GOPAC argues that it is entitled to judgment as a matter of law because Dr. Singer's and Dr. Harrison's testimony was speculative, unsupported by sufficient facts, or contrary to the facts of the case.  In addition, GOPAC argues that there was insufficient evidence to prove that Cargill's settlements were fair and reasonable.

This Court has previously considered whether the experts' testimony is based on sufficient facts or data, whether the testimony is a product of reliable principles and methods, and whether the expert applied the principles and methods reliably to the facts of the case (Filing No. 461).  The Court stands by its previous order finding that Dr. Singer's and Dr. Harrison's opinions were admissible and helpful to the trier of fact.  In regard to GOPAC's contention that there was insufficient evidence to prove that the settlements were fair and reasonable, this Court finds that sufficient evidence was presented at trial.  Cargill presented evidence via Deborah Bigelow and Phil Pfaffly regarding the amount of settlement payments and the reasonableness.  At the end of the trial, the jury was instructed that if they found for the plaintiff Cargill, they should determine the expenses the plaintiff Cargill reasonably incurred as a result of the defendant's breach (Filing No. 594, Instr. 22).  As a result, the Court will deny the defendant's renewed motion for judgment as a matter of law.

**II. Motion for New Trial.**

In the alternative, the defendant moves for a new trial.  The defendant claims that the jury's verdict constitutes an impermissible compromise verdict because the defendant believes that the jury compromised its view of the liability

issues by returning a $9,000,000 verdict.  In addition, the defendant argues that the verdict is against the manifest weight of evidence and results in a miscarriage of justice.

A motion for new trial is governed by Federal Rule of Civil Procedure 59.  The standard for granting a new trial is whether the verdict is against "the great weight of the evidence."  *Butler v. French*, 83 F.3d 942, 944 (8th Cir. 1996). In evaluating a motion for a new trial pursuant to Rule 59(a), the "key question is whether a new trial should have been granted to avoid a miscarriage of justice."  *McKnight By & Through Ludwig v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir. 1994).

After reviewing the facts, evidence, and relevant law, the Court cannot say that the jury's verdict was against the great weight of the evidence.  Therefore, the Court will deny the defendant's motion for new trial.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 2nd day of December, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court